**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

BUDDY RICHARD LOZANO,

      Petitioner,                Civil No. 2:07-10703
                                HONORABLE BERNARD A. FRIEDMAN
v.                            CHIEF UNITED STATES DISTRICT JUDGE

KENNETH T. McKEE,

      Respondent,

_____/

**OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR WRIT**
**OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE.**

      Buddy Richard Lozano, ("Petitioner"), presently confined at the Bellamy

Creek Correctional Facility in Ionia, Michigan, has filed a *pro se* petition for writ of

habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his

conviction for three counts of third -degree criminal sexual conduct, M.C.L.A.

750.520d; and one count of fourth-degree criminal sexual conduct, M.C.L.A.

750.520e. The Court has reviewed the instant petition for writ of habeas corpus

and has concluded that it is subject to dismissal because it contains claims that

have not been exhausted with the state courts. However, instead of dismissing

the petition without prejudice, the Court will stay the proceedings under the terms

outlined below in the opinion to permit petitioner to return to the state courts to

exhaust these claims, failing which the petition shall be dismissed. The Court will

also administratively close the case.

## I.  Background

Petitioner was convicted of the above offenses following his plea of guilty in the St. Clair County Circuit Court.  Petitioner's conviction was affirmed on appeal. *People v. Lozano,* No. 261440 (Mich.Ct.App. July 21, 2005); *lv. den.* 474 Mich. 942; 706 N.W. 2d 21 (2005).

On February 11, 2007, petitioner filed the instant application for writ of habeas corpus with this Court. [1]  Petitioner seeks the issuance of a writ of habeas corpus on the following grounds:

> I.  Was the trial court in violation of Defendant's Sixth and Fourteenth Amendment rights?
>
> II.  Was the petitioner given the opportunity to review the Presentencing Investigation Report?
>
> III.  Was Petitioner denied the effective assistance of appellate counsel[?].
>
> IV.  Ineffective assistance of trial counsel for failing to object to errors in the Presentencing Investigation Report (PSI).

## II.  Discussion

The instant petition is subject to dismissal because it contains claims that have not been exhausted with the state courts.

A prisoner seeking federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. §

---

[1]  Under the prison mailbox rule, this Court will assume that petitioner actually filed his habeas petition on February 11, 2007, the date that it was signed and dated. *See Neal v. Bock*, 137 F. Supp. 2d 879, 882, fn. 1 (E.D. Mich. 2001).

2

2254(b) and (c); *Picard v. Connor*, 404 U. S. 270, 275-78 (1971). In order to exhaust a claim for federal habeas review, a petitioner must present each ground to both state appellate courts, even where the state's highest court provides only discretionary review. *See Regan v. Hoffner,* 209 F. Supp. 2d 703, 710, n. 3 (E.D. Mich. 2002)(citing *O'Sullivan v. Boerckel,* 526 U.S. 838, 845-47 (1999)). Federal district courts must dismiss mixed habeas petitions which contain both exhausted and unexhausted claims. *Pliler v. Ford,* 124 S. Ct. 2441, 2445 (2004)(*citing Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982)). A federal district court should generally dismiss a petition for writ of habeas corpus that contains any unexhausted claims. *See Rose,* 455 U.S. at 510, 522; *Regan,* 209 F. Supp. 2d at 710, n. 3. The failure to exhaust state court remedies may be raised *sua sponte* by a federal court. *Benoit v. Bock,* 237 F. Supp. 2d 804, 806 (E.D. Mich. 2003); 28 U.S.C. § 2254(b)(3).

In the present case, petitioner has failed to properly exhaust his second, third, or fourth claims with the state courts. Petitioner's second claim was only presented for the first time to the Michigan Supreme Court. Raising a claim for the first time before the state courts on discretionary review does not amount to a "fair presentation" of the claim to the state courts for exhaustion purposes. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Rowls v. Jamrog,* 193 F. Supp. 2d 1016, 1022 (E.D. Mich. 2002). Because petitioner failed to present his second claim with the Michigan Court of Appeals, his subsequent presentation of the

3

claim to the Michigan Supreme Court did not satisfy the exhaustion requirement for habeas purposes. *See Schroeder v. Renico,* 156 F. Supp. 2d 838, 844, n. 5 (E.D. Mich. 2001); *Winegar v. Corrections Department*, 435 F. Supp. 285, 288-89 (W.D. Mich. 1977).

Moreover, petitioner, by his own admission, has never presented his third or fourth claims to either the Michigan Court of Appeals or to the Michigan Supreme Court.  A prisoner confined pursuant to a Michigan conviction must raise each habeas issue in both the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).  Because petitioner has failed to present his third or fourth claims to the Michigan Court of Appeals or to the Michigan Supreme Court, petitioner's third and fourth claims are also unexhausted.

In his petition for writ of habeas corpus, petitioner indicates that his unexhausted claims were not presented to the Michigan courts because his appellate counsel failed to raise the issues at petitioner's request.  An exception to the exhaustion requirement exists only if there is no opportunity to obtain relief in the state courts or if the corrective process is so clearly deficient as to render futile any effort to obtain relief in the state courts. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981).  A habeas petitioner, however, has the burden of showing that all available state court remedies have been exhausted or that exceptional

4

circumstances exist which would make exhaustion unnecessary. *Doty v. Lund*, 78 F. Supp. 2d 898, 901 (N.D. Iowa 1999).

The mere fact that appellate counsel failed to raise these claims on petitioner's direct appeal would not render exhaustion futile, because petitioner still has available state court remedies with which to exhaust his claims. *See e.g. Gray v. Wingo,* 391 F. 2d 268, 269 (6th Cir. 1967); *Booker v. Kelly,* 636 F. Supp. 319, 321, n. 3 (W.D.N.Y. 1986).

Exhausting state court remedies in this case requires the filing of a post-conviction motion for relief from judgment under Michigan Court Rule 6.500. *See Mikko v. Davis,* 342 F. Supp. 2d 643, 646 (E.D. Mich. 2004).  Petitioner could therefore exhaust his claims by filing a post-conviction motion for relief from judgment with the St, Clair County Circuit Court under M.C.R. 6.502.  A trial court is authorized to appoint counsel for petitioner, seek a response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing. M.C.R. 6.505-6.507, 6.508 (B) and (C).  Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *See Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997).

Where a petition is "mixed," that is, it contains exhausted and unexhausted claims, a federal court may stay the mixed petition in federal court to allow the

petitioner to present his unexhausted claims in the state court and then return to federal court for review of his petition, provided that the petitioner has "good cause" for his failure to present the claims in state court and that the unexhausted claims are not "plainly meritless." *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).

Petitioner states that these claims were not presented as federal constitutional claims in the state courts because his appellate attorney was ineffective. On remand from the United States Supreme Court, the federal district court in *Rhines* held that the ineffective assistance of post-conviction counsel constituted "good cause" for petitioner's failure to exhaust claims in the state court proceedings, so as to justify holding the petition in abeyance while the petitioner returned to the state courts to exhaust the claims. *Rhines v. Weber*, 408 F. Supp. 844, 848-49 (D.S.D. 2005). This Court has likewise found that an appellate counsel's alleged ineffectiveness constituted "good cause" to hold a habeas petition in abeyance pending the petitioner's return to the state courts. *See Bridges v. Wolfenbarger,* 2007 WL 325356, * 2 (E.D. Mich. January 31, 2007). Other judges in this district have likewise reached the same conclusion. *See Chambers v. White,* 2006 WL 276738, * 3 (E.D. Mich. February 2, 2006); *Boyd v. Jones,* 2005 WL 2656639, * 4 (E.D. Mich. October 14, 2005); *Martin v. Warren,* 2005 WL 2173365, * 2 (E.D. Mich. September 2, 2005). Furthermore, petitioner's claims do not appear plainly meritless. Finally, it does not appear that petitioner has engaged in "intentionally dilatory tactics."

6

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. To ensure that petitioner does not delay in exhausting his state court remedies, the Court imposes upon petitioner time limits within which he must proceed. See *Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002). Petitioner must present his claims in state court within sixty days from the date of this Order. *See id.* Further, he must ask this Court to lift the stay within sixty days of exhausting his state court remedies. *See id.*; *See also Abela v. Martin*, 348 F.3d 164, 170 (6th Cir. 2003). "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Palmer*, 276 F. 3d at 781 (internal quotation omitted).

### III.  ORDER

Accordingly, it is **ORDERED** that petitioner may file a motion for relief from judgment with the state court within **sixty (60) days of receipt of this Court's order.** If petitioner fails to file a motion for relief from judgment with the state courts by that date**,** the Court will dismiss the present petition without prejudice.

If petitioner files a motion for relief from judgment, he shall notify this Court that such motion papers have been filed in state court. The case shall then be held in abeyance pending the petitioner's exhaustion of the claims. The petitioner shall re-file a habeas petition within 60 days after the conclusion of the state court

7

post-conviction proceedings.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only.  Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Sitto v. Bock,* 207 F. Supp. 2d 668, 677 (E.D. Mich. 2002).

___

__s/Bernard A. Friedman_____
**HON. BERNARD A. FRIEDMAN**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED:**  March 1, 2007

8